Metcalf, J.
Only two of the exceptions taken at the trial have been argued by the defendants’ counsel. The others have very properly been given up. And we are of opinion that those which have been argued are not well taken.
1. It is argued for the defendants, that the judge should have left it to the jury to decide, upon the evidence offered, whether the application to a justice of the peace, to call a meeting of the proprietors of the meeting-house, was signed by five of those proprietors, as required by the Rev. Sts. c. 20, § 35. But it is the province of the judge, who presides at the trial, to decide all questions on the admissibility of evidence.. It is also his province to decide any preliminary questions of fact, however intricate, the solution of which may be necessary to enable him to determine the other question of admissibility. 1 Phil. Ev. (N. Y. ed. 1849,) Part I. c. 1. And his decision is conclusive, unless he saves the question for revision by the full court, on a report of the evidence, or counsel bring up the question on a bill of exceptions which contains a statement of the evidence. Dole v. Thurlow, 12 Met. 157; Foster v. Mackay, 7 Met. 531, 538; Odiorne v. Bacon, 6 Cush. 185; Bartlett v. Smith, 11 Mees. & Welsb. 483; Doe v. Davies, 10 Adolph. & Ellis, N. S. 314, 323; Cleave v. Jones, 7 Welsb. Hurlst. & Gord. 421.
*512 2. It is also argued for the defendants, that this action cannot be maintained, if the meeting-house, at the time of the alleged trespass, was unfit for the purpose of public worship. And Wentworth v. First Parish in Canton, 3 Pick. 344, and Howard v. First Parish in North Bridgewater, 7 Pick. 138, are relied on to sustain this position. But they do not sustain it. In those cases the question was, whether the house was so far decayed, and was so old and ruinous, as not only to be unfit for public worship, but also to render its entire demolition necessary.
And it was held that when such was the condition of the house, a pewholder had no remedy for the destruction of his pew, if the proprietors of the house had pursued the proper course. But this consequence does not follow from the mere fact that a meeting-house, on a certain day, is unfit for the purpose of public worship. A temporary unfitness for this purpose may be caused by accident, or by partial decay, or even by the making of necessary alterations or repairs. And, for aught that these exceptions show, the unfitness of the house in question, at the time of the alleged trespass, may have been the effect of either of those causes.

Exceptions overruled.